IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| United States of America | ) | |
| | ) | Cr. No. 7:12-26-HMH |
| vs. | ) | |
| | ) | |
| Roosevelt Dodd, | ) | **OPINION & ORDER** |
| | ) | |
| Movant. | ) | |

This matter is before the court on Roosevelt Dodd's ("Dodd") motion to vacate, set

aside, or correct his sentence under 28 U.S.C. § 2255. After a thorough review of the facts and

pertinent law, the court summarily dismisses Dodd's § 2255 motion.

On February 15, 2012, Dodd pled guilty to one count of possession with intent to

distribute a quantity of cocaine base and one count of possession of a firearm and ammunition

by a convicted felon. On April 11, 2012, Dodd was sentenced to 235 months' imprisonment.

Judgment was entered on April 23, 2012. Dodd did not appeal his conviction and sentence.

Dodd filed the instant § 2255 motion on April 18, 2013, alleging that his plea counsel

was ineffective because counsel failed to (1) move to suppress evidence obtained from Dodd's

residence, (2) move to suppress Dodd's post-arrest confession, and (3) investigate a potentially

exculpatory witness prior to Dodd entering his guilty plea. (Dodd § 2255 Mot. 4, ECF No. 40.)

In order to successfully challenge a conviction or sentence on the basis of ineffective

assistance of counsel, Dodd must demonstrate that his counsel's performance fell below an

objective standard of reasonableness, and that he was prejudiced by his counsel's deficient

performance. See Strickland v. Washington, 466 U.S. 668, 687 (1984). With respect to the first

prong, there is "a strong presumption that counsel's conduct falls within the wide range of

1

reasonable professional assistance." Id. at 689. With respect to the second prong, Dodd must demonstrate a "reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985).

Dodd argues that his counsel was ineffective for failing to move to suppress the evidence obtained from the search of his residence and the post-arrest confession and investigate a potential exculpatory witness. (Dodd § 2255 Mot., generally, ECF No. 40.) Dodd waived these arguments when he pled guilty. "[A] guilty plea constitutes a waiver of all nonjurisdictional defects . . . including the right to contest the factual merits of the charges." United States v. Willis, 992 F.2d 489, 490 (4th Cir. 1993) (internal citations and quotation marks omitted); United States v. Devaughn, No. 03-4312, 2003 WL 22057945, at *1 (4th Cir. Sept. 3, 2003) (unpublished) (citing Tollett v. Henderson, 411 U.S. 258, 267 (1973) ("[A] knowing and voluntary guilty plea waives antecedent non-jurisdictional errors, including claims of unlawful search and seizure."); Sgarlat v. United States, Civil No. 11-4441 (JBS), Crim. No. 06-723 (JBS), 2012 WL 5626229 at *6 (D.N.J. Nov. 15, 2012) (unpublished) ("[T]he law is settled that an inadmissible confession cannot be grounds for overturning a guilty plea entered voluntarily and intelligently, when advised by competent counsel.").

"A voluntary and intelligent plea of guilty is an admission of all the elements of a formal criminal charge . . . and constitutes an admission of all material facts alleged in the charge." Willis, 992 F.2d at 490 (internal quotation marks and citations omitted). A defendant can challenge the voluntary and intelligent character of the guilty plea by demonstrating that the advice he received from counsel was not within the range of competence demanded of attorneys in criminal cases. Tollett, 411 U.S. at 266-67. "[C]ounsel may . . . advise his client to plead

guilty if that advice falls within the range of reasonable competence under the circumstances." United States v. Cronic, 466 U.S. 648, 656 n.19 (1984). "[I]f the ineffectiveness alleged was a failure to investigate thoroughly, which in turn caused the defendant to plead guilty, the defendant must show a likelihood that some evidence would have been discovered which would have caused the attorney to change his recommendation to enter into a plea agreement." United States v. Kauffman, 109 F.3d 186, 191 (3d Cir. 1997). By pleading guilty, Dodd received the benefit of acceptance of responsibility and the Government dismissed two other pending charges, possession with intent to distribute Oxycodone and Morphine and possession of a quantity of marijuana. (Judgment, ECF No. 35.) Dodd was subject to a significantly higher potential term of imprisonment if found guilty of the charges that were dismissed. Further, there was overwhelming evidence of Dodd's guilt and, as set forth more fully below, there was no likelihood of success on the merits of a motion to suppress the evidence and post-arrest confession. Thus, Dodd has failed to show that his counsel was ineffective in advising him to plead guilty.

Moreover, the Rule 11 colloquy reflects that Dodd knowingly and voluntarily pled guilty. During his guilty plea hearing, Dodd answered, "Yes, sir," when asked whether he had had enough time to discuss this matter with his attorney and was satisfied with the representation of his attorney. (Guilty Plea Tr. 7-8, ECF No. 41.) When asked whether he had any complaints of his attorney or anyone else in connection with the case, Dodd answered, "No, sir." (Id. at 8.) Additionally, during his guilty plea hearing, Dodd stated that no one forced, threatened, or coerced him to plead guilty. (Id. at 19.) Dodd was advised of the charges, the potential penalties, the elements of the offense, and the rights that he was waiving by pleading guilty. (Id. at 14-16.)

Dodd further stated that he understood the rights he was waiving. (Id. at 18.) In addition, Dodd

admitted his guilt multiple times. (Guilty Plea Tr. 19, 30, ECF No. 41.)

> [I]n the absence of extraordinary circumstances, the truth of sworn statements
> made during a Rule 11 colloquy is conclusively established, and a district court
> should, without holding an evidentiary hearing, dismiss any § 2255 motion that
> necessarily relies on allegations that contradict the sworn statements. Otherwise, a
> primary virtue of Rule 11 colloquies would be eliminated–permit[ting] quick
> disposition of baseless collateral attacks[.]

United States v. Lemaster, 403 F.3d 216, 221-22 (4th Cir. 2005) (internal quotation marks

omitted). Because Dodd's ineffective assistance of counsel claims rely upon allegations that

directly contradict his prior sworn statements to the court, summary dismissal is appropriate. Id.

at 222 ("[A] district court should, without holding an evidentiary hearing, dismiss any § 2255

motion that necessarily relies on allegations that contradict the sworn statements.").

Accordingly, the court finds that Dodd voluntarily and intelligently pled guilty to the charges.

Dodd's "guilty plea therefore constitutes a waiver of his right to contend that his trial attorney's

representation was constitutionally deficient with respect to matters constitutional and other non-

jurisdictional matters which might have been raised prior to his entry of his guilty plea." Grose

v. United States, Civil Action No. 5:09-0305, Criminal Action No. 5:05-0261 2011 WL

7461902, at *7 (S.D. W. Va. Dec. 19, 2011) (unpublished) (finding that "Movant's claim that

trial counsel was ineffective in failing to file a motion to suppress concerning Movant's

confession, the informants' false statements, and the evidence seized during the unlawful search

of Movant's residence" was without merit).

In addition, there was no basis for Dodd's counsel to move to suppress the search of his

home. Dodd alleges that the search violated the Fourth Amendment because he was not home

when the probation officer viewed the contraband.  (Dodd § 2255 Mot. 13, ECF No. 40.)  This

argument is without merit.  According to the Presentence Investigation Report ("PSR"):

> 5.  On December 20, 2011, the Spartanburg County Narcotics Unit accompanied United States Probation Officer Leigh Denton to 359 Ivey Road, Chesnee, South Carolina. Officer Denton had received numerous tips that Roosevelt Dodd, who was under her supervision, was selling drugs on a routine basis.  He had previously been convicted in 2008 in United States District Court for Possession With Intent to Distribute Crack Cocaine.  The Honorable Henry M. Herlong, Jr., sentenced the defendant on December 3, 2008, to twenty-six (26) months in the Bureau of Prisons, followed by 5 years of Supervised Release.  His supervision began on February 26, 2010.
>
> 6.  Agent Denton called Dodd on her way to his residence and advised that she was coming to see him.  When Denton and the officers arrived, they encountered Susan Hall, Dodd's girlfriend.  Denton advised Hall that per Dodd's conditions of supervision, a search of his residence was going to be conducted.  As the officers began their search, they observed a white rock like substance in plain view, as well as two (2) revolvers and a semi-automatic pistol on the headboard in the master bedroom.  At this point, officers secured the residence and obtained a search warrant for the residence.
>
> 7.  Dodd arrived at the residence while the officers were waiting for the search warrant.  The officers place[d] him under arrest for being a felon in possession of firearms.  During a pat down search of Dodd, officers found and confiscated $3,344.00 cash that was rolled up into two bundles in his pants pocket.
>
> 8.  After receiving and executing the search warrant, officers found 7 grams of a rock like substance on a coffee table in the living room.  They also found three digital scales.  In the master bedroom, officers found three (3) loaded firearms.  A .357 caliber revolver, a .32 caliber revolver and a .40 caliber pistol.  In a truck in the yard, officers found a Crown Royal bag that contained multiple types of pills, two crack pipes, and a pocket knife.  The types of pills found were Oxycodone, Morphine, Hydrocodone, and Alprazolam.  Officers also located a quart jar of moonshine in the kitchen pantry.

(PSR ¶¶ 5-8.)  When Dodd was arrested, he was on supervision for a 2008 conviction for

possession with intent to distribute crack cocaine.  "To a greater or lesser degree, it is always true

of probationers (as we have said it to be true of parolees) that they do not enjoy the absolute

liberty to which every citizen is entitled, but only . . . conditional liberty properly dependent on

observance of special [probation] restrictions."  Griffin v. Wisconsin, 483 U.S. 868, 874 (1987)

(internal quotation marks omitted).  A standard condition of Dodd's supervision was that "the

defendant shall permit a probation officer to visit him or her at any time at home or elsewhere

and shall permit confiscation of any contraband observed in plain view by the probation officer."

(Judgment, Standard Conditions of Supervision ¶ 10, ECF No. 35.)  Drugs and firearms were

observed in the house in plain view.  Further, officers subsequently obtained a search warrant to

conduct a search of the home.  Dodd consented as part of his supervision to allow a probation

officer into the home and report what she found in plain sight.  In addition, the standard

conditions of supervision allow the probation officer to make unannounced visits.  Thus, this

claim fails on the merits.

Further, Dodd's claim that his confession was coerced because the female probation

officer was kicking him under the table and the officer was threatening to charge his girlfriend,

Susan Hall ("Ms. Hall"), with the firearms and drugs if he did not confess strains credulity.

(Dodd § 2255 Mot. 14, ECF No. 40.)  Dodd signed a statement indicating that "everything

belong to me."  (Id. Ex. C, ECF No. 40-3 (Voluntary Statement).)  Moreover, as noted above,

Dodd admitted his guilt several times during the guilty plea hearing.  Further, Dodd agreed with

the Government's summary of the evidence and his argument contradicts his sworn statements

during the guilty plea hearing.  (Guilty Plea Tr. 29-30, ECF No. 41.)  The Government

summarized the evidence against Dodd as follows:

> Mr. Dodd was being supervised by United States Probation Agent Lee Denton.  He was on supervised release from a 2008 possession with intent to distribute crack cocaine conviction and was sentenced by Your Honor in late 2008.  Agent Denton made a home visit on the afternoon of December 20th, 2011.  She was accompanied by the South Carolina -- excuse me, the Spartanburg County Sheriff's Office Narcotics Unit.  Once inside the residence of Mr. Dodd, they noticed what they believed to be narcotics.  They obtained a state search warrant at that point.  Ultimately, they recovered 6.13-grams of crack cocaine, additionally, some digital scales.   Mr. Dodd was found in possession of $3,344 in cash rolled in two bundles in his pocket.  A search of the master bedroom revealed the items listed in Count 2 of the indictment to include a .357 Ruger Black Hawk revolver loaded with three rounds of ammunition, a .32 caliber revolver loaded with three rounds of ammunition, as well as a Smith & Wesson .40 caliber pistol loaded with eight rounds of ammunition.  The firearms and ammunition in this case traveled or affected interstate commerce.  They weren't made in South Carolina.  Mr. Dodd has previously been convicted of a crime for which he could have received more than one year in prison.  He has not received a pardon for those convictions.  He was advised of his rights on the scene in writing and did waive and provided a very brief statement claiming the items found in the house.
> As to his convictions, just noting his Presentence Report from 2008, he has an arson conviction from 1984.  Additionally, Your Honor, he has some -- a trafficking crack conviction from '03, as well as what appears to be two counts of distribution of crack cocaine from '03, as well as the 2008 federal conviction for PWID crack which he received 26 months and was on supervised release during the instant conduct.

(Id. at 28-29.)  In addition, when Ms. Hall was interviewed, she informed officers that the

firearms and drugs belonged to Dodd and that he had been abusive and threatening toward her.

(Dodd § 2255 Mot. Ex. D, ECF No. 40-4 (Hall Statement).)  Dodd's self-serving argument is

completely unsupported by the record.  For all of the foregoing reasons, Dodd's ineffective

assistance of counsel claim regarding the failure to move to suppress his post-arrest confession is

without merit.

Lastly, Dodd claims that his counsel was ineffective for failing to investigate a potentially exculpatory witness. Dodd submits that

> Rhonda Parris could have testified that Mr. Dodd did not knowingly possess firearms or ammunition contained in the residence and that he was not selling illegal contraband from the residence. Specifically, Ms. Parris would have been able to testify that she had seen the guns in the residence before Mr. Dodd had ever moved-in and that the guns and ammunition belonged to Ms. Hall and her deceased husband. Furthermore, Ms. Parris would have testified that Ms. Hall was the one selling the illegal drugs from the home, not Mr. Dodd.

(Dodd § 2255 Mot. 16, ECF No. 40.) As discussed above, Dodd knowingly and voluntarily pled guilty. Further, Dodd's speculation that Ms. Parris would have offered exculpatory evidence is wholly contradictory to all of the evidence in the case, including, but not limited to, Ms. Hall's statement that the weapons and drugs belonged to Dodd, the large sum of money found on Dodd's person when he was patted down, and Dodd's post-arrest confession. Moreover, Dodd's argument is contradictory to his sworn statements during his guilty plea hearing. Thus, there is no evidence that Dodd would not have pled guilty and would have insisted on proceeding to trial if this potential witness had been investigated. Based on the foregoing, this claim is without merit.

It is therefore

**ORDERED** that Dodd's § 2255 motion, docket number 40, is summarily dismissed.  It is

further

**ORDERED** that a certificate of appealability is denied because Dodd has failed to make

"a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED**.

s/Henry M. Herlong, Jr.
Senior United States District Judge

Greenville, South Carolina
April 24, 2013

## NOTICE OF RIGHT TO APPEAL

The Movant is hereby notified that he has the right to appeal this order within sixty (60)

days from the date hereof pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.